## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **DAVID HOMOKI D/B/A** | § | |
| **GLOBAL CHECK SERVICES** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:09-cv-02644** |
| | § | |
| | § | **JURY DEMANDED** |
| **CONVERSION SERVICES,** | § | |
| **INC. and ELECTRONIC** | § | |
| **PAYMENT SYSTEMS, LLC** | § | |

<u>Instructions to the Jury</u>

Ladies and Gentlemen of the Jury:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence unless instructed otherwise.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider

whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence – such as testimony of an eyewitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into

evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

## Instructions for the Charge

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

## QUESTION NO. 1

Did Conversion Services, Inc. ("CSI") fail to comply with its agreement, if any, with David Homoki d/b/a Global Check Services ("Global Check")?

Instruction: In deciding whether the parties reached an agreement, you may consider what they said and did in light of the surrounding circumstances, including any earlier course of dealing. You may not consider the parties' unexpressed thoughts or intentions.

Instruction: Performance of that act which CSI was requested to promise to perform may constitute a valid acceptance.

Instruction: An unsigned agreement, which has all the terms of that agreement in writing, and which is unconditionally agreed to by the parties, is a contract.

Mutual assent can be inferred from the circumstances.

Answer "Yes" or "No"

Answer: _____Yes_____

## QUESTION NO. 2

If your answer to Question No. 1 is "Yes," then answer the following question. Otherwise, do not answer the following Question.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Global Check for its damages, if any, that resulted from such failure to comply?

Consider the following elements of damages, if any, and none other.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

Answer separately in dollars and cents for damages, if any.

a. Lost profits that were a natural, probable, and foreseeable consequence of CSI's failure to comply:

which were sustained in the past;

Answer: ___1,150,000___

that, in reasonable probability, will be sustained in the future.

Answer: ___1,000,000___

7

## QUESTION NO. 3

Was CSI Global Check's agent?

> Instruction: An "agent" is one who is authorized by the principal to transact business or manage some affair on the principal's behalf.

> Instruction: Independent contractor and agency status are not mutually exclusive.  A party who contracts to act on behalf of another and is subject to the other's control except with respect to his physical conduct is an agent and also an independent contractor.

> Instruction: A relationship of trust and confidence existed if Global Check justifiably placed trust and confidence in CSI to act in Global Check's best interest. Global Check's subjective trust and feelings alone do not justify transforming arm's length dealings into a relationship of trust and confidence.

Answer "Yes" or "No"

Answer: _____ Yes _____

## QUESTION NO. 4

If your answer to Question No. 3 is "Yes," then answer the following question.  Otherwise, do not answer the following Question.

Did CSI comply with its fiduciary duty to Global Check?

Instruction:    As Global Check's agent, CSI owed Global Check a fiduciary duty. To prove that it complied with its fiduciary duty, CSI must show:

a.  The transactions in question were fair and equitable to Global Check;

b.  CSI made reasonable use of the confidence that Global Check placed in it;

c.  CSI acted in the utmost good faith and exercised the most scrupulous honesty toward Global Check;

d.  CSI placed the interests of Global Check before its own, did not use the advantage of its position to gain any benefit for itself at the expense of Global Check, and did not place itself in any position where its self-interest might conflict with its obligations as a fiduciary; and

e.  CSI fully and fairly disclosed all important information to

Global Check concerning the transactions.

Answer "Yes" or "No"

Answer: _____ No _____

## QUESTION NO. 5

If your answer to Question No. 4 is "No," then answer the following question.  Otherwise, do not answer the following Question.

If you find CSI failed to comply with its fiduciary duty, if any, what sum of money, if any, if paid now in cash, would fairly and reasonably compensate Global Check for its damages, if any, that were proximately caused by that conduct found in Question No. 4?

Consider the following elements of damages, if any, and none other.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

Answer separately in dollars and cents for damages, if any.

a. Lost profits that were a natural, probable, and foreseeable consequence of CSI's failure to comply

which were sustained in the past;

Answer: ___1,150,000___

that, in reasonable probability, will be sustained in the future.

Answer: ___1,000,000___

11

## QUESTION NO. 6

If your answer to Question No. 4 is "No," then answer the following question. Otherwise, do not answer the following Question.

Did Electronic Payment Systems, LLC ("EPS") conspire with CSI to breach CSI's fiduciary duty to Global Check, that proximately caused damages to Global Check?

To Conspire, EPS and CSI must have had knowledge of, agreed to, and intended a common objective or course of action that resulted in the damages to Global Check. One or more persons involved in the conspiracy must have performed some act or acts to further the conspiracy.

Answer "Yes" or "No"

Answer:_____Yes_____

## QUESTION NO. 7

If your answer to Question No. 4 is "No," then answer the following question.  Otherwise, do not answer the following Question.

What was the amount of CSI's fees from failing to comply with its fiduciary duty to Global Check?

Answer separately in dollars and cents for damages, if any.

a.    Fees CSI received from Global Check for services performed.

Answer: _____0_____

b.    Fees CSI received from EPS for services performed.

Answer: _____0_____

## QUESTION NO. 8

Did CSI commit fraud against Global Check?

Instruction:  Fraud occurs when—

    a.  A party makes a material misrepresentation,

    b.  the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion,

    c.  the misrepresentation is made with the intention that it should be acted on by the other party, and

    d.  the other party relies on the misrepresentation and thereby suffers injury.

"Misrepresentation" means:

    a.  A false statement of fact, or

    b.  A promise of future performance made with an intent, at the time the promise was made, not to perform as promised, or

    c.  A statement of opinion based on a false statement of fact, or

    d.  A statement of opinion that the maker knows to be false, or

    e.  An expression of opinion that is false, made by one claiming or implying to have special knowledge of the subject matter of the opinion.

"Special knowledge" means knowledge or information superior to that possessed by the other party and to which the other party did not have equal access.

Answer "Yes" or "No"

Answer: _____ Yes _____

## QUESTION NO. 9

If your answer to Question No. 8 is "Yes," then answer the following question. Otherwise, do not answer the following Question.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Global Check for its damages, if any, that resulted from such fraud by CSI?

Consider the following elements of damages, if any, and none other.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

Answer separately in dollars and cents for damages, if any.

a. Lost profits that were a natural, probable, and foreseeable consequence of CSI's failure to comply:

which were sustained in the past;

Answer: ____1,150,000____

that, in reasonable probability, will be sustained in the future.

Answer: ____1,000,000____

## QUESTION NO. 10

Did EPS intentionally interfere with Global Check's existing contract, if any, with CSI?

> Instruction:  Interference is intentional if committed with the desire to interfere with the contract or with the belief that interference is substantially certain to result.

Answer "Yes" or "No" for each of the following

Answer: _____ Yes _____

## QUESTION NO. 11

If your answer to Question No. 10 is "Yes," then answer the following question.  Otherwise, do not answer the following Question.

What sum of money, if any, if paid now in cash by EPS, would fairly and reasonably compensate Global Check for its damages, if any, that were proximately caused by such interference?

Consider the following elements of damages, if any, and none other.

Answer separately in dollars and cents for damages, if any.

a.  Lost profits

which were sustained in the past;

Answer:  ___200,000___

that, in reasonable probability, will be sustained in the future.

Answer:  ___500,000___

# QUESTION NO. 12

Did Global Check fail to comply with its agreement, if any, with CSI?

Answer "Yes" or "No"

Answer: _____ No _____

## QUESTION NO. 13

If your answer to Question No. 12 is "Yes," then answer the following question.  Otherwise, do not answer the following Question.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate CSI for its damages, if any, that resulted from such failure to comply?

Consider the following elements of damages, if any, and none other.

a.  The amount of monthly residuals Global Check should have paid to CSI from January 2009 – the present.

Answer: _____

## INSTRUCTIONS ON DELIBERATION

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Return this charge together with your written answers to the questions. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom.

I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.